**CABOT**
**MANTANONA LLP**
BankPacific Building, 2nd Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

**FILED**
DISTRICT COURT OF GUAM

JUN 2 8 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

UNITED STATES OF AMERICA ) CRIMINAL CASE NO. 06-00115-001
)
v. ) **OPPOSITION TO PRESENTENCE**
) **INVESTIGATION REPORT**
RODNEY OJEDA MALACA, )
)
Defendant. )
_____ )

Defense counsel in this matter is filing an opposition not necessarily to the
Presentence Investigation Report but more against the sentencing recommendation
submitted by the United States Probation Officer in this matter.

The probation officer in this matter has recommended a sentence of Seventy-One
months the highest sentence available under the calculated sentencing guideline Offense
Level 18 Criminal History Category VI. Defendant in this matter understands that he has
had a pretty lengthy criminal record but all except for the current charge, all were violations
of local territorial laws. Further, all the offenses in which the Defendant had been
previously sentence are all drug related offenses. In all the sentences impose by the
Defendant he has only one opportunity for drug rehabilitation. It appears that the
Defendant and the community would be better served by the Defendant being sentence
to attend one of the federal stringent federal drug programs. The Defendant in this matter
would be asking the court to impose a sentence of "boot camp drug treatment program"

as it would best benefit the Defendant and the community overall. The Defendant further feels that a sentence of Seventy-One months will not have much more effect than a sentence of Fifty-Seven months in regards to tapering the Defendants criminality. Treatment and not punishment would best accomplish rehabilitation. Defendant asserts that he would be better served and rehabilitated by participating in intesnsive drug treatment which he has yet to receive.

Defendant would also like the court to take into consideration that in this case as in all cases, Defendant has readily admitted his guilt and has provided to the Government service of a successfully speedy and easy prosecution. It helps preserve Government resources and judicial economy. Defendant would like the court to take that into consideration.

Further, the sentence of Seventy-One months in this matter would totally negate the acceptance of responsibility in this case. The Defendant in this matter receives two points of acceptance of responsibility as contained in paragraph 30 page 6 of the Presentence Investigation Report to an offense level 18 which has a range of Fifty-Seven to Seventy-One months. A sentence of Seventy-One months would put the Defendant within offense level 20. Seventy to Eight-Seven months negative any benefit of accepting responsibility.

## CONCLUSION

The Defendant in this matter ask the court to respectfully consider the position of imposing a sentence of Fifty-Seven months, which is almost five years jointly agreed to and

recommended by Defendant and the Government. Further, I would like the ask the court

to order as part of the sentence the intensive drug treatment programs offered by the

federal system in assisting the Defendant in overcoming a life long drug addiction and help

him become a contributing member of society. Justice would not be served and the

Defendant would not be better by a lengthier sentence in this matter. It would just ignore

the problem rather than solve it.

Dated this **27** day of June, 2007.

**CABOT MANTANONA LLP**
*Attorney for Rodney O. Malaca*

By: _____
RAWLEN M.T. MANTANONA

RMTM:scc

G:\Stacy\active clients\Malaca, Rodney\Opposition to Presentence Report.wpd